**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**

KEVIN THERRIEN,

                            Petitioner,

     - v -                                               Civ. No. 9:03-CV-0045
                                                            (FJS/RFT)

JOSEPH DAVID,

                            Respondent.

**APPEARANCES:**                                    **OF COUNSEL:**

KEVIN THERRIEN
Petitioner, *Pro Se*
01-A-5615
Last Known Address:[1]
Southport Correctional Facility
P.O. Box 2000
Pine City, New York 14871

HON. ELIOT SPITZER                         MICHAEL G. McCARTIN, ESQ.
Attorney General for the State of New York     Assistant Attorney General
Attorney for Respondent
The Capitol
Albany, New York 12224

**RANDOLPH F. TREECE**
**U.S. MAGISTRATE JUDGE**

---

[1] At the outset, this Court notes that all litigants have an ongoing obligation to keep the Court informed of any change of address which may occur during the pendency of an action. N.D.N.Y.L.R. 10.1(b)(2). Notification of a change of address is essential to the orderly disposition of cases. As has been previously noted in this District, "[i]t is neither feasible nor legally required that the clerks of the district courts undertake independently to maintain current addresses on all parties to pending actions." *Dansby v. Albany County Corr. Facility*, 1996 WL 172699, at *1 (N.D.N.Y. Apr. 10, 1996). Failure to notify the Court of a change in address is grounds for dismissal of the action. *See* N.D.N.Y.L.R. 41.2(b); *see also Fenza v. Conklin*, 177 F.R.D. 126, 127 (N.D.N.Y. 1998); *Dansby*, 1997 WL 172699, at *1. A review of the New York State Department of Correctional Services (DOCS) Inmate Information Website reveals that Petitioner is no longer in custody of DOCS as he was released from custody on April 28, 2005, and is presumably no longer being housed at the Southport Correctional Facility. In light of such revelation, this Court finds that Therrien's failure to provide this Court with a change of address alone warrants a recommendation of dismissal. N.D.N.Y.L.R. 41.2(b). We will, nevertheless, address the merits of Therrien's Petition.

      Furthermore, in the context of *habeas corpus* petitions, a petitioner no longer in custody must demonstrate a "collateral consequence" of the detention that can be remedied by granting the writ. *Spencer v. Kemna*, 523 U.S. 1, 7 (1988). When a *habeas* petitioner challenges the underlying criminal conviction, there is a presumption that collateral consequences exist. *Sibron v. New York*, 392 U.S. 40, 54-55 (1968) (cited in *Spencer*, 523 U.S. at 10-12).

## REPORT-RECOMMENDATION and ORDER[2]

*Pro se* Petitioner Kevin Therrien presently seeks a Writ of *Habeas Corpus* pursuant to 28 U.S.C. § 2254 on the following grounds: 1) Petitioner's due process rights were violated when the court failed to adhere to the terms agreed to at the plea hearing; 2) there was insufficient evidence to support his conviction; and 3) Petitioner received ineffective assistance of trial counsel in violation of his Sixth Amendment right.  Dkt. No. 6, Am. Pet. at ¶12.  For the reasons to follow, it is recommended that the Petition be **DENIED**.

### I. BACKGROUND

On April 11, 2001, a Saratoga County grand jury indicted Therrien with nine counts of criminal contempt in the first degree, one count of criminal mischief in the second degree, two counts of criminal mischief in the fourth degree, two counts of menacing in the second degree, one count of menacing in the third degree and one count of stalking in the fourth degree.  Dkt. No. 24, Resp't Answer, Attach. #1, Appellant's Brief and Appendix, Indictment at A8-A15.[3]  On June 28, 2001, Petitioner entered a guilty plea to one count of criminal contempt in the first degree, in violation of NEW YORK PENAL LAW § 215.51(b)(2), in satisfaction of the entire sixteen-count indictment.  Plea Hearing at A35.  Under the plea agreement, Petitioner would be sentenced to six months in jail with a term of probation of five years.  *Id*. at A35-36.  Furthermore, Petitioner would

---

[2] This matter was referred to the undersigned for a report-recommendation pursuant to 28 U.S.C. § 636(b) and N.D.N.Y.L.R. 72.3(c).

[3] The Court notes that in submitting the state court records, counsel for Respondent failed to adhere to the Local Rules of this District requiring that all state court records be sequentially renumbered.  N.Y.N.D.L.R. 72.4(d). Since most of the record is compiled in the Appellant's Brief and Appendix to the Third Department, the Court will cite the name of the document in the Appellate Appendix as "A" followed by the page number.

sign a waiver of appeal and agree to a permanent order of protection for his ex-wife.[4] *Id*. at A36. In accepting Therrien's guilty plea, the county court admonished as follows, "I will accept that plea in full satisfaction of all counts of the indictment, and if you don't commit a crime between now and the day of sentencing, I will sentence you to six months in the county jail with credit for time that you have been serving on this matter, plus five years probationary supervision." *Id*. at A41. A formal sentencing date was scheduled for August 28, 2001, and the court further ordered Therrien to sign a Parker Admonishment[5] form in relation to the sentencing hearing. *Id*. at A51.

On July 27, 2001, after having served the equivalent of the proposed six-month jail term, Petitioner appeared in court for a release on recognizance (ROR) hearing, at which time the court released Therrien on his own recognizance and stated to Therrien that in the event he fails to appear for sentencing or should he commit a crime prior to sentencing, the court could sentence Therrien to one and one-third to four years in prison instead of the six months in jail with the probation term of five years. ROR Hearing at A52a.

Despite these explicit warnings, Therrien failed to appear on August 28th for his sentencing[6] and, during the period of July 27, 2001 and August 28, 2001, Therrien was arrested for various offenses, including felonies, and had pled guilty to a misdemeanor in Schuyler County. Sentencing Hearing at A53-54. On October 11, 2001, Therrien appeared in court for sentencing. Despite

---

[4] Petitioner also pled guilty to a charge of Driving While Intoxicated and was sentenced to thirty days in jail but was given credit for time served. Plea Hearing at A49.

[5] A Parker admonishment informs a defendant of his or her right to waive an appearance at trial and that a trial will proceed *in absentia* should the defendant exercise this right by failing to appear. *People v. Parker*, 440 N.E.2d 1313 (N.Y. 1982).

[6] Petitioner's excuse for missing the sentencing hearing was that he was in Boston near the ocean and that there was no phone and that on the next day he was in Buffalo and hoped to make it back to court. Sentencing Hearing at A59.

Therrien's infractions, his attorney asked the court to uphold the plea agreement, or in the alternative, if the court were to impose an enhanced sentence, then Petitioner's attorney requested one year of jail time. *Id*. at A57-A58. The court found by clear and convincing evidence that Therrien had violated the Parker Admonishment and the court's instructions to appear on the date of sentencing. *Id*. at A59-A60. Accordingly, the court imposed an enhanced sentence of an indeterminate term of one and one-third to four years imprisonment, and judgment was entered that same date. *Id*. at A60.

On January 9, 2003, the New York State Supreme Court, Appellate Division, Third Department affirmed the judgment. *People v. Therrien*, 753 N.Y.S.2d 235 (N.Y. App. Div. 3d Dep't 2003). Leave to appeal to the Court of Appeals was denied on March 10, 2003. *People v. Therrien*, 790 N.E.2d 288 (N.Y. Ct. of App. 2003). This Petition followed.

## II. DISCUSSION

### A. Standard of Review

According to the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), a federal court may not grant *habeas* relief to a state prisoner claim unless the state courts adjudicated the merits of the claim and such adjudication either

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d)(1), (2); *Boyette v. Lefevre*, 246 F.3d 76, 88 (2d Cir. 2001); *see also Miranda v. Bennett*, 322 F.3d 171, 177-78 (2d Cir. 2003).

The AEDPA also requires that in any such proceeding, "a determination of a factual issue made by a State court shall be presumed to be correct [and t]he applicant shall have the burden of rebutting the

presumption of correctness by clear and convincing evidence." 28 U.S.C. § 2254(e)(1); *Boyette*, 246 F.3d at 88 (quoting § 2254(e)(1)).

### B. Due Process Violation

Petitioner claims that his due process rights were violated when the county court failed to adhere to the terms of the plea agreement whereby Petitioner would be sentenced to six months in jail with a term of probation of five years. Petitioner also claims that the court did not make acceptance of the plea agreement contingent on being <u>arrested</u> before sentencing, as opposed to actually <u>committing</u> a crime, or appearing for sentencing for his sentence to be enhanced. Therrien further states that any information later provided to him at his ROR hearing regarding an enhanced sentence is irrelevant to the plea bargain and was not part of the plea bargain.

"Because a defendant pleading guilty pursuant to a plea agreement waives a number of fundamental constitutional rights . . ., the circumstances surrounding the plea agreement must comport with due process to ensure defendant's understanding of its consequences. *Spence v. Superintendent, Great Meadow Corr. Facility*, 219 F.3d 162, 167 (2d Cir. 2000) (citing, *inter alia*, *Johnson v. Zerbst*, 304 U.S. 458, 464 (1938) (internal citation omitted)). "Due process requires the government to prove a breach of a plea agreement by a preponderance of the evidence." *Id*. at 168-69 (citations omitted). In making the determination of whether there has been a breach, "'a court must look to what the parties reasonably understood to be the terms of the agreement.'" *United States v. Vaval*, 404 F.3d 144, 152 (2d Cir. 2005) (quoting *United States v. Lawlor*, 168 F.3d 633, 636 (2d Cir. 1999)).

In this case, at the plea hearing, the court informed Therrien that the six-month jail term and five-year probation sentence would be contingent on Therrien not committing a crime before

sentencing. Plea Hearing at A41. The court then explained the rights Petitioner would waive by pleading guilty and Petitioner maintained that he understood. Plea Hearing at A40-A42. While the court did not address the possibility of an enhanced sentence at the plea hearing, such matter was clearly addressed at the ROR hearing. ROR Hearing at A52a. Nonetheless, Petitioner was on notice that the agreed sentence could be altered if he committed a crime before the date of sentencing. Prior to the date of sentencing, Therrien was arrested for various offenses, including felonies, and pled guilty to a misdemeanor. Sentencing Hearing at A55-A56. Petitioner asserts that his actions prior to sentencing do not constitute "the commission of a crime" because he was only <u>arrested</u>. Petitioner's argument is misplaced. Petitioner pled guilty to a crime that he had committed, thus, specifically violating the court's restrictions. Because this one condition of the plea was violated, the court was within its rights to issue the enhanced sentence. That Petitioner was not told of the enhanced sentence at the plea hearing does not bear on the fact that Petitioner knew that his sentence could be altered if the conditions of the plea were not met. The clear condition in the plea hearing was predicated on Petitioner not committing a crime prior to sentencing, which was violated. This alone gave Petitioner notice that unless the terms of the plea were followed, the court could impose an alternate sentence.

Petitioner claims he did not know that the sentence could be changed if he committed a crime in violation of the plea agreement. In determining if there has been a breach of the plea, the court must examine what the parties *reasonably* understood were the terms of the plea. Petitioner's claim that he did not know the plea would be changed as a result of the misdemeanor he pled guilty to is not reasonable. The county court made it a clear condition that in order to receive the six-months in jail with probation of five years, Petitioner was not to commit a crime before sentencing.

It is unreasonable to assume that the court would still give Therrien six-months of jail and five-years of probation after he clearly violated the terms of the plea.

Despite Petitioner's claim, a federal court cannot grant *habeas* relief unless the state courts adjudicated the merits of the claim and such adjudication was contrary to or involved an unreasonable application of federal law as determined by the Supreme Court of the United States or the decision was unreasonable in light of the evidence presented in state court. The county court's sentence enhancement was neither contrary to or an unreasonable application of federal law as determined by the Supreme Court of the United States nor was it unreasonable in light of the evidence. The county court determined that the Petitioner violated his end of the plea agreement. Such finding is a factual determination that is presumed correct unless Therrien can rebut the presumption by clear and convincing evidence. Petitioner has not met and indeed, based upon the record before this Court, cannot meet such burden. Accordingly, we find that Petitioner's due process rights were not violated when the county court enhanced his sentence and recommend **denying** this ground of his Petition.

Notwithstanding Petitioner's waiver of his right to appeal the plea or the sentence, to the extent Petitioner claims his sentence is harsh and excessive, we further note that such claim lacks merit. It is well settled that claims arising from a state court's sentencing decision generally are not subject to review by federal courts as a part of a *habeas corpus* petition. *Jones v. Hollins*, 884 F. Supp. 758, 761 (W.D.N.Y. 1995); *see also Velez v. Duncan*, 2005 WL 1221836, at *5 (S.D.N.Y. May 13, 2005); *Moore v. Irvin*, 908 F. Supp. 200, 208 (N.D.N.Y. 1995). Where a sentence falls within the range prescribed by state statute, no federal issue is presented. *Fernandez v. Artuz*, 2002 WL 977372, at *4 (S.D.N.Y. May 9, 2002).

Under N.Y. PENAL LAW § 215.51, criminal contempt in the first degree, the offense for which Petitioner pled guilty, is a class E felony. Accordingly, N.Y. PENAL LAW § 70.00(2)(e) sets a maximum term of imprisonment for a class E felony at four years with no minimum required. The sentence imposed by the Court was an indeterminate term of one and one-third years to four years. This was clearly within the statutory range. Thus, to the extent Petitioner claims his sentence was harsh or excessive, we recommend **denying** his Petition on this ground.

### C.  Insufficient Evidence

In his second ground for relief, Petitioner claims there was insufficient evidence to support a conviction of criminal contempt in the first degree and that he only pled guilty so that he could get out of jail. Am. Pet., Attach. Mem. at p. 5.

It is well settled that a defendant who pleads guilty to a charge must do so voluntarily and with knowledge of the consequences of such plea. *North Carolina v. Alford*, 400 U.S. 25, 31 (1970); *Oppel v. Meachum*, 851 F.2d 34, 37 (2d Cir. 1988). Furthermore, collateral review of such a plea is "generally limited to whether the pleas was voluntary, intelligent, and entered into with the advice of counsel." *Vasquez v. Filion*, 210 F. Supp. 2d at 197 (citing, *inter alia*, *Bousley v. U.S.*, 523 U.S. 614, 618 (1998); *United States v. Broce*, 488 U.S. 563, 569 (1989) (if the guilty plea was both counseled and voluntary, "then the conviction and the plea, as a general rule, foreclose the collateral attack.")). The test for determining the validity of a guilty plea is "whether the plea represents a voluntary and intelligent choice among the alternative courses of action open to the defendant." *North Carolina v. Alford*, 400 U.S. at 31. To determine the voluntariness of a plea, the court should consider all of the relevant circumstances, including the possibility of a heavier sentence . . . [as well as] whether the court addressed the defendant and explained his options."

*Bello v. People*, 886 F. Supp. 1048, 1054 (W.D.N.Y. 1995) (citing *Magee v. Romano*, 799 F. Supp. 269, 300 (E.D.N.Y. 1992)).

Here, the county court informed Petitioner of the rights he would be giving up should he plead guilty to the charge of criminal contempt in the first degree. Plea Hearing at A40. Specifically, the court advised Therrien that by pleading guilty, Therrien "will give up [his] right to have a trial, and it will be as if [he] had a trial and the jury heard the evidence and found [him] guilty[.]" *Id.* at A42-A43. The court asked Therrien if he understood those rights he would waive by pleading guilty and Therrien said that he understood. *Id.* Petitioner's attorney was present at all times during the plea hearing. We find that based upon the above, Petitioner's guilty plea was knowing, voluntary, and intelligent. We therefore recommend **denying** this ground of the Petition.

### D.  Ineffective Assistance of Counsel

Petitioner's final ground for relief is that he received ineffective assistance of counsel, in violation of his Sixth Amendment right, when his attorney failed to object to the enhanced sentence during his sentencing hearing. Am. Pet., Attach. Mem. at p. 6. Petitioner claims that his attorney did not protect his rights and he was prejudiced as a result. *Id.*

To establish ineffective assistance of counsel, a *habeas* petitioner must show 1) that counsel's representation fell below an objective standard of reasonableness measured by the prevailing professional norms; and 2) prejudice, *i.e.*, that there is a reasonable probability that, but for counsel's unprofessional performance, the outcome of the proceeding would have been different. *Bell v. Cone*, 535 U.S. 685, 695 (2002) (citing *Strickland v. Washington*, 466 U.S. 668, 688 & 694 (1984)); *see also Aeid v. Bennett*, 296 F.3d 58, 62-63 (2d Cir. 2002); *Brown v. Artuz*, 124 F.3d 73,

79-80 (2d Cir. 1997); *Rattray v. Brown*, 261 F. Supp. 2d 149, 157 (E.D.N.Y. 2003).[7]

In this case, Petitioner cannot meet his burden to prove ineffective assistance of counsel. Petitioner cannot show that counsel's failing to object to the enhanced sentence fell below an objective standard of reasonableness measured by professional norms. Nor can Petitioner show prejudice, meaning that but for counsel's unprofessional performance, the outcome of the proceeding would have been different. At the sentencing hearing, Petitioner's attorney did ask the court to uphold the plea agreement, or in the alternative, because Petitioner had committed a crime before sentencing and because he had failed to show up for sentencing on a previous occasion, Petitioner's attorney asked the court, if an enhanced sentence were to be handed down, that it be for a jail term of one-year and not the one and one-third to four years. Even if Petitioner's attorney had given an unprofessional performance, the outcome of the proceeding would not have been different. There is a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance and Petitioner cannot overcome that presumption. Therefore, Petitioner's writ of *habeas corpus* on the ground that Petitioner received ineffective assistance of trial counsel in violation of his Sixth Amendment rights when his attorney failed to object to the enhancement he received at sentencing should be **denied**.

### III. CONCLUSION

For the reasons stated therein, it is hereby

**RECOMMENDED**, that the Petition for a Writ of *Habeas Corpus* be **DENIED**; and it is further

---

[7] In *Williams v. Taylor*, the Supreme Court declared that "the rule set forth in *Strickland* qualifies as 'clearly established Federal law[.]'" 529 U.S. 362, 391 (2000); *see also Sellan v. Kuhlman*, 261 F.3d 303, 309 (2d Cir. 2001).

**ORDERED**, that the Clerk of the Court serve a copy of this Report-Recommendation and Order upon the parties to this action.

Pursuant to 28 U.S.C. § 636(b)(1), the parties have ten (10) days within which to file written objections to the foregoing report.  Such objections shall be filed with the Clerk of the Court.

**FAILURE TO OBJECT TO THIS REPORT WITHIN TEN (10) DAYS WILL PRECLUDE APPELLATE REVIEW.**  *Roldan v. Racette*, 984 F.2d 85, 89 (2d Cir. 1993) (citing *Small v. Sec'y of Health and Human Servs.*, 892 F.2d 15 (2d Cir. 1989)); *see also* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72, 6(a), & 6(e).

Date:   July 29, 2005
        Albany, New York

_____
RANDOLPH F. TREECE
United States Magistrate Judge